835 F.2d 216
 61 A.F.T.R.2d 88-436, 88-1 USTC P 9211
 Jimmy L. STANDLEY and Sharon Standley, Plaintiffs-Appellants,
v.
DEPARTMENT OF JUSTICE, U.S. Attorney for the State of
Washington, Defendants- Appellees.
Eugene A. BURNS and Linda H. Burns, Plaintiffs-Appellants,
v.
DEPARTMENT OF JUSTICE, U.S. Attorney for the State of
Washington, Defendants- Appellees.
John F. DEMENT and Margaret A. Dement, Plaintiffs-Appellants,
v.
DEPARTMENT OF JUSTICE, U.S. Attorney for the State of
Washington, Defendants- Appellees.
 Nos. 85-2317 to 85-2319.
 United States Court of Appeals,
Ninth Circuit.
 Argued Feb. 11, 1987.
Submitted Dec. 22, 1987.
Decided Dec. 30, 1987.
 
 John J. Standifer, Tucson, Ariz., for plaintiffs-appellants.
 Robert Lindsay, Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before ANDERSON, ALARCON and HALL, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 This case is resubmitted as of December 22, 1987.
 
 
 2
 We must decide whether a list of the names of persons or agencies furnished grand jury materials by a United States Attorney is subject to disclosure pursuant to 5 U.S.C. Sec. 552a (1982) (Privacy Act).
 
 
 3
 * Plaintiffs-appellants Jimmy L. Standley and Sharon Standley, Eugene A. Burns and Linda H. Burns, and John F. Dement and Margaret A. Dement (appellants) filed requests under the Privacy Act, with the United States Attorney in the State of Washington, for "an accounting of disclosure of information and documents" obtained from grand jury records and delivered to the Internal Revenue Service (IRS), and the name, title and office location of each individual who requested, inspected or received such materials. The Government ignored appellants' requests.
 
 
 4
 On March 13, 1985, appellants filed an action for declaratory and injunctive relief under the Privacy Act to compel the production of the names of the persons or agencies to whom grand jury materials were divulged. Appellants' complaint alleged that this information is necessary to establish that the IRS is auditing their taxes as a result of a "leak" of grand jury materials. The Government moved to dismiss for lack of subject matter jurisdiction. The Government argued, inter alia, that because the grand jury is a part of the judicial branch, its records are exempt from disclosure under the Privacy Act. The district court granted the Government's motion and dismissed the action for lack of subject matter jurisdiction.
 
 II
 
 5
 Appellants were members of the American Law Association (ALA), an organization created by Karl Dahlstrom. Beginning in 1976, Dahlstrom sold memberships in the ALA as a way of promoting a tax avoidance program he devised. In 1980 and 1981, grand jury investigations into the activities of Dahlstrom and others, led to his indictment and conviction. We reversed the judgment of conviction. United States v. Dahlstrom, 713 F.2d 1423 (9th Cir.1983), cert. denied, 466 U.S. 980, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984).
 
 
 6
 The IRS began an audit of appellants' taxes while the Dahlstrom grand jury investigation was still pending. Appellants contend that ALA membership lists were given to the Examination Division of the IRS in violation of grand jury secrecy. They argue that identification of the person who received information from the United States Attorney, and the item transmitted, would conclusively establish whether any grand jury materials were released improperly.
 
 
 7
 On January 6, 1983, the Government obtained an order from the Western District of Washington, under Fed.R.Crim.P. 6(e), authorizing disclosure to the IRS of materials presented to the grand jury conducting the Dahlstrom investigation. Relying on the Supreme Court's subsequent decision in United States v. Baggot, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983), this court reversed the order, United States v. Ripley, 730 F.2d 771 (9th Cir.1984) (mem.). Appellants seek information regarding materials disclosed both before and after the Rule 6(e) order.
 
 III
 
 8
 In dismissing this action, the district court held that the materials the appellants "are seeking is a disclosure of the records of the grand jury." We disagree. Appellants are not seeking to inspect material presented to the grand jury during its Dahlstrom investigation.
 
 
 9
 Under the Privacy Act, an individual may obtain access to records about him maintained by an agency of the Government. 5 U.S.C. Sec. 552a(d)(1). If an agency refuses to disclose such records, an action may be brought to compel compliance with the Privacy Act.
 
 
 10
 The Privacy Act does not apply to records of "the courts of the United States." 5 U.S.C. Sec. 551(1)(B). A grand jury is an arm of the judicial branch of government. Levine v. United States, 362 U.S. 610, 617, 80 S.Ct. 1038, 1043, 4 L.Ed.2d 989 (1960); Cobbledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940). Grand jury materials are records of the district court. See United States v. Penrod, 609 F.2d 1092, 1097 (4th Cir.1979) (grand jury minutes are records of the courts), cert. denied, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980). Valenti v. United States Dept. of Justice, 503 F.Supp. 230, 232 (E.D.La.1980) (grand jury records are court records). Thus, the grand jury is not an "agency" as that term is used in the Privacy Act. Grand jury materials are not "agency records" within the scope of the Privacy Act. Accordingly, we must decide whether appellants are seeking grand jury materials in this matter.
 
 
 11
 Disclosure of "matters occurring before the grand jury" is prohibited pursuant to Federal Rule of Criminal Procedure 6(e)(2). United States v. Sells Eng'g, Inc., 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983). Courts construing Rule 6(e)(2) have stated that its scope extends to "anything which may reveal what occurred before the grand jury," In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir.1982), or "information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.' " Fund for Constitutional Gov't. v. National Archives & Records Serv., 656 F.2d 856, 869 (D.C.Cir.1981) (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C.Cir.) (en banc), cert. denied, 499 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). Secrecy concerning matters occurring before the grand jury extends to transcripts and file memoranda summarizing grand jury testimony. National Archives, 656 F.2d at 869.
 
 
 12
 A list compiled by a United States Attorney of the names of persons in the Internal Revenue Service who received grand jury material pertaining to appellants would not reveal the names of persons who testified before the grand jury nor any evidence discussed during its proceedings. Thus, disclosure of such a list would not breach grand jury secrecy nor expose a court record.
 
 
 13
 The Privacy Act compels federal agencies that have a "system of records" to maintain a list containing "the date, nature, and purpose of each disclosure" of such records. 5 U.S.C. Sec. 552a(c). The required list is described in the statute as "an accounting of disclosures." Id. The regulations for the Justice Department require the United States Attorneys' Office to keep a system of records regarding grand jury materials.[1] See Privacy Act Systems, Justice Department-1982, at 492. As set forth above, appellants requested that the United States Attorney furnish "an accounting of disclosure" to the IRS of material referring to them and submitted to the grand jury that conducted the Dahlstrom investigation. Thus, appellants seek a list of names compiled by the United States Attorney, not the contents of secret grand jury material. Such a list is not a court record.
 
 
 14
 The district court erroneously concluded that it lacked subject matter jurisdiction because of its mistaken notion that the list of names requested by appellants was a court record. The Government argued before the district court that even if the list of names sought by appellants was an agency record, it was exempt from disclosure pursuant to 5 U.S.C. Secs. 552a(j) and (k). The district court did not reach the merits of that contention. The Government has argued before this court that examination of grand jury materials in related cases revealed that no improper disclosures were made. We decline to reach these questions until the district court has considered the merits of appellants' complaint for a declaratory judgment.[2]
 
 
 15
 Upon remand, the district court is directed to consider:
 
 
 16
 (1) Whether a list of persons to whom grand jury materials were disclosed was in fact prepared.
 
 
 17
 (2) Whether the list, if any was prepared, is an agency record as defined by the Privacy Act.
 
 
 18
 (3) Whether the list is exempt from disclosure under 5 U.S.C. Sec. 552a(j) and (k).
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 [1]
 A system of records is a "group of any records under the control of any agency from which information is retrieved by the name of the individual ... or other identifying particular assigned to the individual." 5 U.S.C. Sec. 552a(a)(5)
 
 
 [2]
 We also do not address the issue whether this information would be disclosed under the Freedom of Information Act. 5 U.S.C. Sec. 552 (1982). That issue was raised for the first time on appeal. See Singleton v. Wulf, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (as a general rule issues may not be raised for the first time on appeal)