**UNITED STATES of America, Appellee,**

v.

**EASTERN AIR LINES, INC., Defendant–Appellant.**

**Nos. 90–8118, 91–1006.**

United States Court of Appeals, Second Circuit.

Argued Dec. 13, 1990.

Decided Jan. 14, 1991.

Jonathan D. Polkes, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Charles W. Gerber, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Jane W. Parver, New York City (William Schneier, Michael K. Rozen, Ross Abelow, Peter Ausili, Kaye, Scholer, Fierman, Hays & Handler, New York City, James F. Hibey, Verner, Liipfert, Bernhard, McPherson & Hand, Washington, D.C., of counsel), for defendant-appellant.

Before TIMBERS, KEARSE and MINER, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Eastern Air Lines, Inc. ("Eastern"), which has appealed from so much of an order of the United States District Court for the Eastern District of New York, I. Leo Glasser, *Judge*, as denied Eastern's motion to maintain under seal an affidavit submitted in support of a search warrant, moves in this Court for, *inter alia*, an order that would seal the search warrant affidavit pending determination of its appeal. For the reasons below, Eastern's motions are denied.

## I. BACKGROUND

The present motions arise in relation to a lengthy grand jury investigation into airplane maintenance practices by Eastern and its employees. On July 25, 1990, an indictment was unsealed in the Eastern District of New York, charging Eastern and several individuals with crimes relating to the falsification of aircraft maintenance records. On November 30, 1990, in the district court for the Southern District of Florida, the government obtained a search warrant authorizing the search of Eastern's records department and the seizure of various records evidencing the commission of crimes. The application was supported by the affidavit of Anthony P. Valenti, a Criminal Investigator in the office of the United States Attorney for the Eastern District of New York.

Eastern immediately sought, *inter alia*, an order in the Eastern District of New York sealing the Valenti affidavit pending trial in the criminal prosecution. Eastern contended that publication of the affidavit would violate grand jury secrecy because several of its paragraphs reveal the scope, direction, focus, deliberations, and conclusions of the grand jury. Judge Glasser, to whom the criminal prosecution had been assigned, ordered the affidavit sealed until December 7, 1990, pending briefing and argument of the motion.

The government opposed Eastern's motion for any further sealing of the Valenti affidavit. It stated that since the search warrant had already been executed, the government had no further need for secre-

cy. It also stated that, except for part of one paragraph, which it agreed to redact, none of the statements in the Valenti affidavit disclosed matters that had occurred before the grand jury. Parts of the affidavit dealt with matters already made public by the unsealing of the indictment; the remainder of the affidavit discussed information Valenti had received from 13 confidential informants after the indictment was handed down. The government advised the court that none of those 13 informants had been subpoenaed by or testified before the grand jury. Rather, they had spoken to government agents voluntarily, and no other witness before the grand jury had provided hearsay testimony concerning the same evidence. The government offered to submit sworn testimony to this effect; the court accepted the representation without further need for witnesses.

Following argument of the motion on December 7, Judge Glasser denied Eastern's motion to keep the Valenti affidavit under seal pending trial. He found that some of the paragraphs pointed to by Eastern merely reflected information that had been included in the indictment and hence was already a matter of public record. The other paragraphs targeted by Eastern recited facts turned up through investigation independent of the proceedings before the grand jury and hence were not within the reach of Fed.R.Crim.P. 6(e). The court also found that Eastern's right of privacy, which had been "thoroughly diluted" by the public filing of the indictment, was outweighed by the traditional common-law right of public access to documents filed with the court in the course of litigation. Accordingly, the court denied the motion for continued sealing of the affidavit.

The court stayed its order denying further sealing in order to permit Eastern to move in this Court for an expedited appeal. It stated that if that motion were denied, the district court's stay would dissolve; if this Court granted an expedited appeal, the affidavit was to remain sealed until decision of the appeal.

Eastern promptly moved in this Court for an expedited appeal and for an order sealing the record on appeal. Eastern also requested, in the event we denied the motion for an expedited appeal and thereby dissolved the district court's stay, that we enter our own order staying the district court's denial of sealing. In support of these motions, Eastern argued, *inter alia*, that the Valenti affidavit

> reflects the knowledge accumulated by Valenti from his year-long immersion in the grand jury proceeding. From the inception, Valenti assumed a leading role in assisting the grand jury's investigation. *No other agency participated in the investigation.* Instead, Valenti (and other U.S. Attorney investigators, as well as two FAA inspectors assigned to the grand jury) subpoenaed, through the grand jury, and personally reviewed voluminous Eastern records, and interviewed numerous actual or potential grand jury witnesses.
>
> Accordingly, after the October 1989 commencement of the grand jury investigation, Valenti's knowledge of Eastern's maintenance practices and personnel was inextricably intertwined with that of the grand jury. As a result, any information obtained by Valenti—even from interviews with non-grand jury witnesses that purportedly are the subject of his affidavit—is based upon his knowledge of what has already been presented to the grand jury.... Thus, Valenti—as an agent of the grand jury—simply cannot be separated from the grand jury investigation; his affidavit cannot be characterized as the product of an independent investigation because such an investigation never occurred.

(Eastern memorandum in support of motions on appeal, at 4–5 (emphasis in original; footnotes omitted).)

Oral argument on Eastern's motions was heard on December 13, 1990. On December 14, we entered an order denying all of its motions, stating that this opinion would follow.

## II. DISCUSSION

■ In deciding whether to grant a stay of the decision of the district court pending appeal, we must consider

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). In determining whether there is a substantial likelihood that the moving party will prevail on the merits of his appeal, we seek to determine whether the district court applied the proper legal principles and acted within the bounds of its discretion, and we bear in mind that the court's findings of fact will be upheld unless they are clearly erroneous, *see* Fed.R.Civ.P. 52(a).

■ The general rule of grand jury secrecy forbids disclosure of "matters occurring before the grand jury." Fed.R. Crim.P. 6(e)(2). Though the Rule covers not only the evidence actually presented to that body but also anything that may tend to reveal what transpired before it, such as summaries of grand jury testimony, *see, e.g., Standley v. Department of Justice,* 835 F.2d 216, 218 (9th Cir.1987), we are, as was the district court, disinclined to view the Rule as generally precluding the disclosure of information obtained from persons who have neither testified before the grand jury nor been subpoenaed to testify, and whose knowledge has not been placed before the grand jury by other means such as hearsay evidence.

■ Eastern contends that the information in the Valenti affidavit should be sealed because it is information that will or may be presented to the grand jury in the future. There plainly may be circumstances when evidence that has not yet been, but will be, presented to the grand jury may properly be kept confidential. *See, e.g., United States v. Haller,* 837 F.2d 84, 87–88 (2d Cir.1988) (affirming order sealing portion of plea agreement at request of government to protect secrecy of information defendant thereby agreed to give to grand jury). We think it unlikely, however, that Eastern will be able to per-

suade us to adopt a rule that information obtained independently of a grand jury investigation, and as to which the government does not oppose disclosure, must remain sealed simply because it may be presented to a grand jury in the future. *See, e.g., Blalock v. United States,* 844 F.2d 1546, 1551 (11th Cir.1988) (*per curiam*) (grand jury secrecy rule "does not protect from disclosure information obtained from a source other than the grand jury, even if the same information is later presented to the grand jury"); *In re Grand Jury Investigation (Lance),* 610 F.2d 202, 217 (5th Cir.1980).

The district court found that the information in the Valenti affidavit, except insofar as it reflected matters already made public by the indictment, was based on the government's investigations independent of the investigation by the grand jury and that the affidavit did not reflect matters that had occurred before the grand jury. This finding is supported by the government's representation that the 13 confidential informants cited in the affidavit made their statements to the investigators voluntarily, have not testified before the grand jury, and have not received grand jury subpoenas. Eastern's contrary argument that "any information obtained by Valenti ... from interviews with non-grand jury witnesses ... is based upon his knowledge of what has already been presented to the grand jury ..." is unsupported by the record, and we think it unlikely that Eastern will be able to persuade us that the district court's findings are clearly erroneous.

Nor are we persuaded that information obtained in circumstances such as these from witnesses such as the 13 confidential informants should be deemed to reflect "matters occurring before the grand jury" as a matter of law. Most of the grand jury secrecy cases on which Eastern relies deal only with general principles, not with the specific question of whether new information not presented to the grand jury is properly regarded as being or reflecting "matters occurring before the grand jury." None of Eastern's cases holds that Rule

6(e) precludes disclosure of information that (a) was obtained by a person who was not designated an agent of the grand jury, (b) was given to the investigator voluntarily by persons who had not appeared before the grand jury and had not been subpoenaed to appear before that body, and (c) was information that had not been directly or indirectly attributed to the informants by persons who had appeared before the grand jury.

■ In general, the public has a common-law right to inspect and copy judicial records. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–98, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978); *In re Newsday, Inc.,* 895 F.2d 74, 78–79 (2d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990). Though this right is not absolute, the decision whether or not to grant access "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.,* 435 U.S. at 599, 98 S.Ct. at 1312–13. Here, the government has taken the position that the confidentiality of the Valenti affidavit, which was essential until the search warrant was executed, is no longer needed. In view of the public's vital interest in commercial airline safety and the government's lack of interest in further secrecy, we doubt that Eastern will be able to show that the district court in this case abused its discretion in denying the motion for continued sealing of the Valenti affidavit.

In sum, we are unpersuaded that Eastern is likely to prevail on its appeal, and we have accordingly denied all of its motions seeking continued sealing of the Valenti affidavit pending that appeal.