42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Alberto OCHOA-ARANGO, aka Luis Alberto Arango-Ochoa,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvaro De Jesus ANGEL-CORREA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos VILLEGAS-SERNA, aka Juan Carlos Villegas-Serna,
Defendant-Appellant.
 Nos. 92-50162, 92-50163 and 92-50192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Nov. 17, 1994.
 
 Before: BROWNING, BOOCHEVER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 1. OCHOA-ARANGO
 
 2
 Ochoa-Arango was the man driving the van without a license plate. He raises two issues on appeal, denial of his motion to suppress and denial of his motion for a two-level reduction for minor role in the offense. We affirm.
 
 
 3
 It does not matter to Ochoa-Arango's contention whether the prosecutor misled the judge during the suppression hearing about whether the drugs were found before or after the search warrant was obtained.[1]
 
 
 4
 The police had probable cause to believe the van contained contraband. They had seen countersurveillance driving by Ochoa-Arango when he drove the gray Celebrity. Angel-Correa followed the van in a suspicious manner. Investigators found torn up scraps of paper they thought were the accounts of drug transactions in the trash at the address the van came from. Ochoa-Arango had made numerous pager calls from phone booths, even though his apartment or the house were nearby. And, the van had no license plate. Because they had probable cause to believe the van contained contraband, and it was a motor vehicle, they did not need a search warrant. See California v. Acevedo, 111 S.Ct. 1982, 1991 (1991).
 
 
 5
 At sentencing, Ochoa-Arango claimed he was merely a "mule," and should have received the minor or minimal participant adjustment available under the Sentencing Guidelines. The district judge emphatically rejected the proposition, based on his determinations of fact:
 
 
 6
 Do you think he is a mule? He is a pretty active mule, maybe a mule team, but to say this guy is a mule, I would have extreme difficulty finding that.
 
 
 7
 This finding was not clearly erroneous, so it stands. See United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992).
 
 2. VILLEGAS-SERNA
 
 8
 Villegas-Serna is the person who was found hiding in the bathroom with a woman when the police came into the house at 1336 Cresta. He makes four arguments: (1) the cocaine found in the house should have been suppressed; (2) insufficient evidence exists to support his conviction for possession; (3) he should have received a two-level reduction for minor role; (4) his sentence should have been reduced by a departure downward to equalize his sentence with that of his codefendants. We affirm.
 
 
 9
 The police had a search warrant before they searched the house. The probable cause for the warrant was sufficient. The police had been watching the house for some time and had seen comings and goings consistent with narcotics activity. Among the people consistently seen entering and leaving the house were people walking to make pager calls from pay phones nearby. One of the frequent visitors received pager messages in secret code. See Exhibit 13 (indicating that after Ochoa-Arango's pager was seized by police, it received coded calls with the following messages: 6666666; 820-6666-811; 820-666-811). They had searched the trash from the house and found scraps of paper which looked to them like pieces of "pay and owe" sheets for narcotics accounting. The cars that came and went used countersurveillance driving. A dog sniff on an unlicensed van which left the house indicated narcotics. The determination of probable cause was not clearly erroneous, so the denial of the suppression motion is affirmed. See United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991).
 
 
 10
 The sufficiency of the evidence question requires us to compare this case to United States v. Vasquez-Chan, 978 F.2d 546 (9th Cir.1992); United States v. Bautista-Avila, 6 F.3d 1360 (9th Cir.1993); and United States v. Ramos-Rascon, 8 F.3d 704 (9th Cir.1993). These cases appear to suggest that it is not enough that a reasonable jury could convict based on the inculpatory evidence presented in the case, but rather, a reasonable jury must also be able to reject the exculpatory evidence. See Vasquez-Chan, 978 F.2d at 551-52; Bautista-Avila, 6 F.3d at 1362-63; Ramos-Rascon, 8 F.3d at 709-10. The facts on Villegas-Serna, though, are sufficient even under this stringent test, and are distinguishable from these cases.
 
 
 11
 Villegas-Serna did not just happen into the area of the arrest as our court found was the case with the defendants in Bautista-Avila and Ramos-Rascon. Nor did he have a plausible exculpatory explanation for his presence in a stash house, like the housekeeper and her friend in Vasquez-Chan. For unexplained reasons, Villegas-Serna had been staying in the house with at least 100 kilograms of cocaine; his palm print was on the drug ledger which was hidden in a drawer; he had accompanied the apparent ringleader, Ochoa-Arango, around town, and he hid in the bathroom when the police came. These facts sufficed for the jury to convict for conspiracy and possession of the cocaine, and we cannot say their determination was irrational. See United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 12
 The district judge considered whether Villegas-Serna was a minor participant and decided that, as a factual matter, he was not.
 
 
 13
 He is no minor participant by any stretch of the imagination at least under the facts I have and the probation officer has not been allowed to interview him. That is fine. That is a choice that has been made, but there is nothing to indicate he is a minor participant. The unfortunate thing is he could be a minor participant under a certain fact scenario, but normally somebody sitting on a stash that big isn't very minor, but there is [sic] no facts at all to suggest he is a minor participant.
 
 
 14
 (Transcript of Proceedings March 2, 1992 at 20.) Villegas-Serna had the burden of proving that he was entitled to a minor-participant reduction. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). The district court determination was not clearly erroneous and is affirmed.
 
 
 15
 Villegas-Serna waived his claim for a downward departure to equalize sentences by not raising it below, see Standley v. Department of Justice, 835 F.2d 216, 219 n. 2 (9th Cir.1987), and could not prevail on it even if he had raised it below. United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir.1991).
 
 3. ANGEL-CORREA
 
 16
 Angel-Correa was driving the gray Celebrity behind the van. He argues on appeal that (1) the evidence was insufficient to tie him to the conspiracy; (2) the cocaine in the van should have been suppressed; (3) the AUSA's deceptive remark concerning the search warrant entitled him to a new trial; and (4) he is entitled to resentencing because the sentencing judge did not state a reason for the sentence selected. We reverse.
 
 
 17
 Angel-Correa's sufficiency argument, like Villegas-Serna's, requires us to compare this case to Bautista-Avila and Ramos-Rascon. Angel-Correa engaged in countersurveillance driving, was present at the house, and, on the day of the arrest, left the house in the gray Celebrity, parked a block away, kept the engine running while he waited in the car, and fell in line behind the unmarked van as soon as it passed him. If we were deciding this case on a blank slate, we might say that this evidence was sufficient for a rational jury to find Angel-Correa guilty beyond a reasonable doubt of participation in the conspiracy. This conclusion would comport with the well established rule that ordinarily, once the existence of a conspiracy is shown, a slight connection is sufficient to uphold a conviction. See United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). We do not see, however, how we can distinguish this case from Ramos-Rascon and Bautista-Avila. We are compelled by these precedents to reverse on sufficiency of the evidence. Because we reverse, we do not reach Angel-Correa's remaining arguments.
 
 
 18
 The convictions and sentences of Ochoa-Arango and Villegas-Serna are affirmed. The judgment convicting and sentencing Angel-Correa is reversed.
 
 
 19
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although our disposition does not hinge on the conduct of the prosecutor, we are disturbed by what occurred below. The Assistant United States Attorney filed papers regarding the search of the van that District Judge Byrne found misleading. The papers said that the search warrant was issued, and then in the next sentence said cocaine was found. The judge understood the order of the sentences to mean that the search warrant was issued before the cocaine was found. In fact, the van was searched and the cocaine found before the search warrant was issued. Judge Byrne said:
 I am being very frank. Maybe I am missing something, but you say, 'At approximately 12:30 a.m., a state court judge issued a telephonic search warrant', leaving out some of it. 'Sixty kilograms of cocaine were found hidden underneath the false bottom in the back of the van.' Where would I be told in here that the cocaine was found before [a warrant issued]? (Reporter's Transcript of 11/14/94 at 82).
 ... nothing would indicate that the search was done before the warrant was ever issued, and in my opinion, from what I read now--and I really haven't read it carefully enough to make positive assertions--that was concealed in those papers, and the question really is, if I am right and it really was concealed, whether it was intentionally concealed. (84).
 This is the same AUSA whose conduct was discussed in United States v. Kojayan, 8 F.3d 1315, 1317 (9th Cir.1994). The resolution of the search issue here is not affected by whether the Assistant United States Attorney misled the district judge, so we make no determination of whether that occurred.