82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Frank LUCA, dba Luca & Associates, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-17184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1996.
Decided March 11, 1996.
 
 Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Luca dba Luca & Associates (Luca) filed a miscellaneous action in the district court and moved for the issuance of an order to show cause why certain persons connected with a federal grand jury investigation should not be held in contempt for improperly disclosing matters before the grand jury, in violation of Federal Rule of Criminal Procedure 6(e). He alleged the grand jury was being used impermissibly as an arm of the state, and he sought an evidentiary hearing.
 
 
 3
 The district court denied Luca's request for an order to show cause and for an evidentiary hearing. Luca appeals.
 
 A. Appellate Jurisdiction
 
 4
 We first must determine whether we have jurisdiction over this appeal. Our jurisdiction generally is limited to appeals from final judgments. United States v. Hitchcock, 992 F.2d 236, 238 (9th Cir.1993). Luca's appeal is not from a final judgment because the district court merely refused to issue an order to show cause or hold an evidentiary hearing. The district court did not dismiss the action, and Luca may again move the district court for an evidentiary hearing should he "develop a more adequate record." District Court Order filed November 17, 1994, page 2. See Catlin v. United States, 324 U.S. 229, 233 (1945) (concluding final decision "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").
 
 
 5
 Luca contends we have jurisdiction to hear his appeal under the collateral order exception to the final judgment rule. He relies on Midland Asphalt v. United States, 489 U.S. 794, 798 (1989). To fall within the collateral order exception, the district court's decision must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [be] effectively unreviewable on appeal from a final judgment." Hitchcock, 992 F.2d at 238. We conclude the present appeal falls within this exception.
 
 
 6
 With regard to the first factor, the district court's order is sufficiently "conclusive." In this action, Luca contends the government's alleged improper disclosures are causing irreparable injury to his reputation and his business. As a remedy, Luca seeks civil contempt sanctions and an injunction to prohibit further harm. By denying the request for an order to show cause and an evidentiary hearing, the district court denied Luca's request for immediate relief. Thus, the district court's order conclusively determined whether Luca is entitled to immediate, effective relief.
 
 
 7
 The district court's decision not to issue an order to show cause or hold an evidentiary hearing is separable from the underlying grand jury proceedings and potential criminal action. Our review is limited to the prosecution's alleged conduct, and we need not consider Luca's guilt or innocence. Further, because Luca does not seek a dismissal of any resulting indictment, our review will not interfere with the grand jury's investigation and will not delay any resulting criminal proceeding. Thus, our review does not implicate the concerns raised by piecemeal appeals in criminal actions.[1] See Midland, 489 U.S. at 799; United States v. Garner, 632 F.2d 758, 765-66 (9th Cir.1980), cert. denied, 450 U.S. 923 (1981).
 
 
 8
 Most compelling, the issue would be effectively unreviewable if not immediately appealed. Luca contends he is suffering irreparable injury. "Because this harm could not be undone at a later date," the alleged continuing violations could not be effectively reviewed upon appeal from a final judgment. United States v. Fischbach and Moore, Inc., 776 F.2d 839, 842 (9th Cir.1985). We conclude we have jurisdiction to hear this appeal.
 
 B. Merits
 
 9
 We review for abuse of discretion the district court's refusal to hold an evidentiary hearing or issue an order to show cause. See, e.g., United States v. Koon, 34 F.3d 1416, 1438 (9th Cir.1994), cert. granted, 116 S.Ct. 39 (1995); United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 504 U.S. 926 (1992).
 
 
 10
 Luca presented the following material to the district court, which he contended violated Rule 6(e): (1) during a telephone call, Oliverio informed an investor with Luca that he was an "investigator dealing with a complaint filed against [Luca]" and "helping in a Grand Jury Investigation;" (2) during a telephone call, Coy informed another investor that "she was assisting in a federal grand jury investigation" and "was involved in enforcing the Arizona Securities Act;" (3) an August 14, 1994, letter mailed by Oliverio to an unspecified number of Luca's investors;[2] and (4) during a telephone call, Kirby asked an investor of Luca if the investor "had information that Frank Luca was in the mafia," whether the investor had invested money with Luca, and whether the investor "could afford to lose all [his] money." Luca contends the government violated Rule 6(e) by disclosing the existence of a pending grand jury investigation, identifying Luca as the target of that investigation, and implying that the focus of the investigation is on Luca's activities with securities.
 
 
 11
 The government contends these communications did not disclose "matters occurring before the grand jury." Matters occurring before the grand jury include "anything which may reveal what occurred before the grand jury, or information which would reveal the identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley v. Department of Justice, 835 F.2d 216, 218 (9th Cir.1987) (citations omitted). One of the purposes behind Rule 6(e) is "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation...." United States v. Procter & Gamble, 356 U.S. 677, 682 n. 6 (1958). Although, under a strict interpretation of Rule 6(e), the government may have disclosed matters occurring before the grand jury, we conclude that, based on Luca's limited showing, the government did not violate Rule 6(e).
 
 
 12
 In certain circumstances, the government may violate Rule 6(e) by disclosing the existence of a grand jury investigation and the target of the investigation. Rule 6(e) is designed to prohibit improper disclosure, but should not unduly impede a legitimate investigation. In the present case, Luca has failed to make a sufficient showing that the disclosures were not directly related to a legitimate investigation or were intended to discredit Luca or otherwise gain an advantage in a resulting criminal proceeding. The existence of a pending grand jury investigation, the target's identity, and the nature of the investigation will normally need to be disclosed during an investigation. It would be difficult, if not impossible, to conduct an investigation without revealing this information. The government could not effectively proceed with an investigation if prohibited from disclosing this information.
 
 
 13
 Further, in the present case, the disclosure was not made to the public, but was limited to persons who likely possessed relevant information. Disclosure was made only to persons who had invested with Luca. Thus, the information was disclosed only to persons who could assist in the investigation.
 
 
 14
 Luca, however, contends that the government acted in bad faith by mailing a letter to investors. Contacting the investors by mail, however, is an efficient method of investigation. We decline to limit the government's method of investigation to personal contact only. Based on the limited material that Luca presented to the district court, we conclude the district court did not abuse its discretion by declining to issue an order to show cause or hold an evidentiary hearing. Luca, however, may accept the district court's invitation to further develop the record and again move for an evidentiary hearing.
 
 
 15
 Our conclusion is not contrary to Bank of Nova Scotia v. United States, 487 U.S. 250 (1988). In Bank of Nova Scotia, the Supreme Court assumed, without deciding, that the identification of the targets violated Rule 6(e). Id. at 259-60. Any implication in United States v. Isgro, 974 F.2d 1091, 1097 (9th Cir.1992), that the Supreme Court in Nova Scotia held the disclosure violated Rule 6(e) is dictum.
 
 
 16
 We conclude the government did not violate Rule 6(e).
 
 
 17
 Luca next argues the district court erred by refusing to hold an evidentiary hearing to address Luca's concern that the federal grand jury is being impermissibly used to benefit the State of Arizona. Luca's concern is based on the cross-designation of the state prosecutor as a Special Assistant United States Attorney and the continued involvement of the state investigators in the federal investigation. Luca also contends that prosecutors may not have complied with their obligations under Rule 6(e)(3)(B), which requires prosecutors to identify, before the district court, the persons to whom grand jury material had been disclosed. We understand Luca's concerns, but we reject his argument.
 
 
 18
 First, based on the limited existing record, Luca's concerns are mere speculations. Evidentiary hearings generally are not warranted on the basis of conclusory or unsupported allegations. Koon, 34 F.3d at 1439; Morris v. State of Cal., 966 F.2d 448, 455 (9th Cir.1991), cert. denied, 506 U.S. 831 (1992).
 
 
 19
 Further, Rule 6(e)(3)(A)(ii) permits disclosure of matters occurring before the grand jury to state personnel assisting the federal prosecutor.[3] Luca concedes state agencies may assist federal agents. Federal law also specifically permits the cross-designation of a State Assistant Attorney General as a Special Assistant United States Attorney. 28 U.S.C. § 515(a). Based on Luca's limited showing, he has not presented sufficient facts to overcome the presumption of grand jury regularity or to warrant an evidentiary hearing. United States v. Claiborne, 765 F.2d 784, 791 (9th Cir.1985), cert. denied, 475 U.S. 1120 (1986); see also United States v. Figueroa-Soto, 938 F.2d 1015, 1018-20 (9th Cir.1991) (concluding federal prosecution not sham for state proceedings when collaboration between federal and state authorities), cert. denied, 502 U.S. 1098 (1992).
 
 
 20
 C. Motions to Strike Reply Brief and to Enlarge Record
 
 
 21
 The United States moves to strike Luca's reply brief or portions of the reply brief which refers to material not presented to the district court.[4] In response, Luca moves this court to enlarge the record because, he asserts, he did not have an opportunity to develop the record before the district court.
 
 
 22
 Luca's argument is without merit. In both of its orders, the district court denied Luca's request for an order to show cause and evidentiary hearing, but invited him to develop a more adequate record. Luca chose not to develop a more adequate record, but to immediately appeal the district court's ruling. In these circumstances, we grant the government's motion to strike the objected to portions of Luca's reply brief and we deny Luca's motion to enlarge the record. We affirm the district court's denial of Luca's request for an order to show cause and evidentiary hearing, without prejudice to Luca developing a more adequate record in the district court.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that the present appeal is not from an order in a criminal action, but is from an order in a separate, miscellaneous action
 
 
 [2]
 In relevant part, the letter states:
 The Securities Division [of the Arizona Commission] is currently assisting in a federal Grand Jury investigation. We are seeking information regarding investment with Luca & Associates. Accordingly, I would like to speak with you about it.
 
 
 [3]
 Rule 6(e)(3)(A)(ii) permits disclosure to:
 such government personnel (including personnel of a state or subdivision of a state) as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.
 
 
 [4]
 The United States objects to the following statements in Luca's reply brief: (1) an alleged statement by an FBI agent that the State is mad because it received unfavorable rulings in state court and is pursuing the matter through the federal government, (2) alleged questions to investors whether they would invest with Luca if they knew Luca stole money and did not own certain property, (3) investors have demanded the return of their money, and (4) a reference to the return of grand jury subpoenas to a state agency accountant