NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Plaintiff,

v.

**Drzislav CORIC, Administrator of the Estate of Robert Freeman, Theresa Higgins, Administratrix of the Estate of Stephanie Freeman, Theresa Higgins, Individually, Herbert Karp, Executor of the Estate of Ethel Karp, Matthew Massaro, and Kerrie Rogers, Defendants.**

No. 96–CV–0312.

United States District Court, N.D. New York.

July 5, 1996.

Dombroff, Gilmore Law Firm, New York City, for Plaintiff; Edward Griffith, Raymond L. Mariani, of counsel.

Suisman, Shapiro Law Firm, New London, CT, for Defendant Coric; Susan M. Phillips, of counsel.

Lynch, Traub Law Firm, New Haven, CT, for Defendant Higgins; Stephen I. Traub, Eric P. Smith, of counsel.

Coughlin, Gerhart Law Firm, Binghamton, NY, for Defendant Karp; Richard B. Long, of counsel.

McNamara Law Firm, Hartford, CT, for Defendant Rogers; F. Timothy McNamara, James A. Zeller, of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

**Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"),** commenced this action by filing a complaint "in the nature of interpleader" pursuant to 28 U.S.C. § 1335 on February 21, 1996. National Union seeks relief against **defendants Drzislav Coric, Theresa Higgins, Herbert Karp, Matthew Massaro, and Kerrie Rogers,** each of whom claim—or may claim—an interest in a $5 million insurance policy issued by National Union. These potential causes of action arise out of a plane crash near Cortland, New York, on April 12, 1993. EG & H Corporation, the owner of the plane, had purchased liability insurance on the craft through plaintiff in 1992.

In a previous Memorandum–Decision and Order, *National Union Fire Ins. Co. v. Cor-*

*ic,* 924 F.Supp. 373 (N.D.N.Y.1996) ("May 6 Order"), the Court (1) denied a motion by defendants to transfer venue to the District of Connecticut; (2) held that interpleader jurisdiction is proper over Count II of the Complaint, the interpleader claim itself; (3) abstained from exercising jurisdiction over and dismissed Count I of the Complaint, which sought a declaratory judgment that the pilot was not an "insured" under the policy; and (4) denied plaintiff's motion to enjoin defendant Higgins from prosecuting her state court subrogation action, but granted plaintiff's motion to enjoin all other defendants from commencing actions against the policy.

On May 17, 1996, plaintiff filed a Notice of Appeal with the Second Circuit Court of Appeals in regard to the Court's dismissal of the claim for declaratory relief and denial of an injunction against defendant Higgins' prosecution of her state court action. Plaintiff now moves for a stay of the May 6 Order pending resolution of the appeal, pursuant to Fed.R.Civ.P. 62 and Local Rule 7.1 of the Northern District of New York, to the extent it denied injunctive relief and dismissed Count I. In addition, plaintiff seeks restoration of the Court's April 5, 1996, Order enjoining defendant Higgins from prosecuting her Connecticut state court action. Defendant Karp cross-moves for (1) modification of the May 6 Order to allow Karp to join as a party-plaintiff in defendant Higgins' state court action; and (2) an extension for filing a notice of cross-appeal to permit the Court to resolve the motion for modification.

## II. DISCUSSION

### A. *PLAINTIFF'S MOTIONS*

■ In deciding whether to grant a stay of the decision of a district court pending appeal, the court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Eastern Air Lines, Inc.,* 923 F.2d 241, 243–244 (2d Cir.1991); *see also Hilton v.*

*Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). After considering the circumstances of this case, the Court finds that each of these four factors supports the relief sought by plaintiff.

■ First, the party seeking a stay pending appeal "should be required to show only that its arguments raise a substantial possibility, although less than a likelihood, of success...." *Hayes v. City Univ. of New York,* 503 F.Supp. 946, 963 (S.D.N.Y.1980), *aff'd,* 648 F.2d 110 (2d Cir.1981). In assessing whether the movant has satisfied this burden, a district court "should turn to external, preferably objective, indicia of the accuracy of [it's] judgment. Prominent among these would be the extent to which the challenged decision is supported by precedent." *Id.* Plaintiff here has a substantial possibility of success on its appeal. The challenged decision—that the abstention doctrine enunciated in *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995), applies to this case—is neither supported nor contradicted by *any* precedent in this circuit, so although the Court believes it has reached the correct result, the Court of Appeals easily could rule otherwise.

Second, any determination in the Higgins state court action regarding whether the pilot is an insured under the policy will be binding on plaintiff in this Court even if plaintiff succeeds on appeal and its claim for declaratory relief is reinstated. *See id.* at ——, 115 S.Ct. at 2141; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 933, 74 L.Ed.2d 765 (1983). As a result, if the state court resolves the coverage issue before the Court of Appeals resolves the appeal, plaintiff would be deprived of a federal forum for resolution of its claim for declaratory relief even if the appeal results in a determination that plaintiff has a right to a federal forum. Such a deprivation, although conditioned on the state court resolving the coverage issue first, represents irreparable injury. Plaintiff's reliance on *Moses H. Cone* for this proposition is not misplaced as defendant Higgins contends. If the state court decides first, there will be "no further litigation in the federal forum" on the coverage issue—

the basis of plaintiff's appeal. *Cf. id.*, 460 U.S. at 10, 103 S.Ct. at 934.

The fact that the irreparable injury in this case is conditional is not problematic because a stay of the May 6 Order will not unduly injure defendants. As stated by plaintiff, "a delay of even a year in litigating the coverage issue pending the appeal of the May 6 Order will not affect the likely date of distribution, if any, of National Union's policy proceeds." (Pl.'s Mem.Supp.Stay at 10.) Defendants do not challenge this suggestion, nor do they challenge that a stay would be in the public interest in that it would avoid needless litigation and favor resolution of disputed claims on their merits. Thus plaintiff has satisfied all four requirements for a stay under the *Eastern Air Lines* test. *See Eastern Air Lines,* 923 F.2d at 243–244.

## B. DEFENDANT KARP'S MOTIONS

 As an initial matter, the Court will grant defendant Karp's request for an additional 30 days to file a notice of cross-appeal. Permitting the Court time to resolve Karp's other motion represents "good cause" pursuant to Fed.R.App.P. 4(a)(5). However, on the other motion, to modify the May 6 Order to allow Karp to join as a party-plaintiff in defendant Higgins' state court action, the Court cannot be so generous. Karp makes the motion pursuant to Fed.R.Civ.P. 60, but has failed to proffer a satisfactory reason to amend the May 6 Order under the rule. In other words, he has neither demonstrated a clerical mistake under Fed.R.Civ.P. 60(a) nor satisfied the three-part test for relief from judgment under Fed.R.Civ.P. 60(b). *See United States v. Cirami,* 563 F.2d 26, 33 (2d Cir.1977) (requiring that the evidence in support of the motion for relief under Rule 60(b) be "highly convincing," that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties).

## III. CONCLUSION

Plaintiff has convinced the Court that a stay of the May 6 Order and restoration of the April 5 injunction is warranted pursuant to Fed.R.Civ.P. 62, but defendant Karp has not persuasively argued that the May 6 Or-

der should be modified pursuant to Fed. R.Civ.P. 60. As a result, plaintiff's motion is GRANTED; pending resolution of plaintiff's appeal, all defendants are enjoined from commencing or prosecuting any actions against plaintiff based on the insurance policy. Furthermore, defendant Karp's motion to modify the May 6 Order is DENIED and his motion to extend the deadline for filing a notice of cross-appeal is GRANTED. Under Fed. R.App.P. 4(a)(5), Karp consequently has until July 5, 1996, to file any appeal.

**IT IS SO ORDERED.**