**ASSASSINATION ARCHIVES AND RESEARCH CENTER, INC.,**
Plaintiff,

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

Civ. A. No. 94–0655 (JR).

United States District Court, District of Columbia.

Oct. 13, 1995.

Bernard Fensterwald, III, Fensterwald & Alcorn, Vienna, VA, for Plaintiff.

Anne D. Work, Flag Building, OIP, Washington, DC, for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiff seeks access under the Freedom of Information Act, 5 U.S.C. § 552 (1988), to records pertaining to Bernard Fensterwald, Jr., who had some notoriety more than two decades ago for his representation of the man who assassinated Dr. Martin Luther King, Jr. and for his attempts to investigate the assassination of President John F. Ken-

nedy. Fensterwald founded the Assassination Archives and Research Center, Inc.

Plaintiff initiated its FOIA requests to the CIA and to the FBI on March 3, 1992. The CIA responded in due course, apparently to plaintiff's satisfaction, and the parties are now agreed that this action may be dismissed as to the CIA.

The FBI has also responded and has made FOIA materials available, but disputes remain as to several categories of documents that have been withheld or redacted by the FBI. The FBI, taking the position that it has done all it can, now moves to dismiss. The matter is before the Court upon that motion and upon plaintiff's opposition thereto.

The controversy that remains concerns the FBI's resort to two of the FOIA Exemptions, (b)(1) (the national security exemption) and (b)(7) (the exemption for law enforcement records). At the core of plaintiff's opposition to the government's motion is the assertion that the FBI's *Vaughn* indexes are deficient because the use of codes and boilerplate explanations in FBI affidavits does not allow plaintiff the chance "to intelligently advocate release of the withheld documents and to afford the Court an opportunity to intelligently judge the contest," quoting from *Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991).

1. *National security information exemption, 5 U.S.C. § 552(b)(1).*

 In order to overcome a challenge to its withholding of information under Exemption 1 of the FOIA, an agency must show that the records fall within the exemption as a substantive matter and that it followed the proper procedures in classifying the information. See *Salisbury v. United States*, 690 F.2d 966, 970–72 (D.C.Cir.1982), and cases there cited; *Canning v. U.S. Dept. of Justice*, 848 F.Supp. 1037 (1994), and cases there cited.

 The tension built into Exemption 1— between the government's concern that too much specificity about reasons for withholding information will yield information, on the one hand, and the requestor's need for enough information to make an intelligent case for release, on the other—cannot be resolved on the record before me. The government's motion for summary judgment as to the Exemption 1 information must accordingly be denied.

I am not willing, however, either simply to order the government to "rethink its *Vaughn* indexes," as plaintiff suggests, or to follow the 9th Circuit rule established by the *Wiener* case, *supra*, and impose a blanket requirement of document-by-document particularized explanations. Appropriate use of coded indexes are generally approved in this Circuit. Instead, in the next phase of this case, the burden of particularization must rest with the plaintiff. Plaintiff concedes that "one can glean some information from the surrounding text" of the documents that have been released in redacted form. It is now time for plaintiff to do the specific work, document by document, of explaining the particular respects in which they cannot understand the government's stated reasons for the application of Exemption 1.

2. *Law enforcement information, 5 U.S.C. § 552(b)(7).*

Plaintiff's objections to the FBI's invocation of Exemption (b)(7) covers territory more heavily traveled by the case law, and they can be disposed of on this record.

 First, contrary to plaintiff's assertion, background investigations do produce law enforcement records that fall under Exemption 7. *Doe v. U.S. Dept. of Justice*, 790 F.Supp. 17, 20 (D.D.C.1992). Second, as established by the Second Declaration of Special Agent Robert A. Moran, the FBI's role with respect to the 1964 hearings of the Senate Committee on the Judiciary, Subcommittee on Practices and Procedures, chaired by Senator Edward V. Long, was to gather information in an administrative file, including witness testimony and documents regarding the use of wiretapping in both closed and pending criminal investigations. The purpose of gathering this information was to "assist the Committee and to prepare for possible future testimony by current and former FBI employees." The material deleted

by the FBI under the authority of Exemption (b)(7)(C) and (b)(7)(D), which are understood to be the exemptions challenged here, was, with the exceptions of the names and initials of FBI employees, only "information gathered regarding criminal investigations in which wiretapping was used or contemplated, and the names and information received from third parties who were interviewed and/or mentioned during an interview." That description certainly satisfies the threshold requirement of Exemption 7. See *FBI v. Abramson*, 456 U.S. 615, 631, 102 S.Ct. 2054, 2064, 72 L.Ed.2d 376 (1982).

■ Plaintiff goes on to argue that, because the records at issue are "30 and 40 years old," many of the persons given personal privacy protection under Exemption 7(c) "must by now be dead ... or they have certainly retired and, therefore, any privacy interest they once had would clearly have diminished."[1] The government's argument, that the passage of time may actually increase privacy interests, and that even a modest privacy interest will suffice, is persuasive. See *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); *Rose v. Dept. of the Air Force*, 495 F.2d 261 (2d Cir.1974); *Nat'l Assoc. of Retired Federal Employees v. Horner*, 879 F.2d 873 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990). Considering the same subject under Exemption 7(c), the withholding of information that identifies third parties in law enforcement records is appropriate in this instance, *see SafeCard Servs. v. SEC*, 926 F.2d 1197 (D.C.Cir.1991), and the passage of time does not diminish Exemption 7(c) protection. *Maynard v. CIA*, 986 F.2d 547 (1st Cir.1993); *Fitzgibbon v. CIA*, 911 F.2d 755 (D.C.Cir. 1990).

Plaintiff's other objections to the FBI's invocation of Exemption (b)(7) I find to be without merit, especially in light of Agent Moran's Second Declaration.

An appropriate order is issued with this memorandum.

### *ORDER*

For the reasons stated in the accompanying memorandum, it is this 13th day of October 1995 **ORDERED**

1. That the government's motion for summary judgment with respect to defendant Central Intelligence Agency is **granted.**

2. That, with respect to the use by defendant Federal Bureau of Investigation of FOIA Exemption (b)(1), the government's motion for summary judgment is **denied.**

3. In all other respects, the government's motion for summary judgment with respect to defendant FBI is **granted.**

---

1. Although plaintiff has conceded the summary judgment motion except for the (b)(1) and (b)(7) Exemptions, it has preserved its objection to the FBI's use of Exemption (b)(6), the privacy exemption, presumably in order to avoid a mootness ruling, see *Assassination Archives and Research Center v. Dept. of Justice*, 43 F.3d 1542, 1544–45 (C.A.D.C.1995).